UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL RAPHAEL,

Plaintiff,

v.

JIE WANG,

Defendant.

Case No. 4:19-cv-02927-KAW

REPORT AND RECOMMENDATION TO DISMISS CASE; ORDER REASSIGNING CASE TO A DISTRICT JUDGE

Dkt. Nos. 1 & 2

On May 24, 2019, Plaintiff Michael Raphael filed a lawsuit arising out of unlawful detainer proceedings. Plaintiff also filed an application to proceed in forma pauperis. (Dkt. No. 2.) Having considered the application, the Court GRANTS Plaintiff's application to proceed in forma pauperis. As the Court lacks subject matter jurisdiction, and the parties have not consented to the undersigned, for the reasons set forth below, the Court reassigns this case to a district judge and recommends that the case be dismissed without prejudice.

## I.    BACKGROUND

Plaintiff Michael Raphael filed a complaint against his former landlord Jie Wang for trespass, breach of contract, fraud, defamation, intentional infliction of emotional distress, and harassment. (Compl., Dkt. No. 1 at 1.)  Plaintiff alleges mistreatment from his former landlord due to his participation in a lawsuit filed by his ex-girlfriend in 2012, as well as harassment and maltreatment due to an unlawful eviction case in which he prevailed in April 2015. (Compl. at 1-2.)  Plaintiff contends that after his 2015 victory, Defendant successfully evicted him in June 2015 for nonpayment of rent, which he appears to allege was in violation of his April 2015 judgment and was the result of material misrepresentations made to the court. (Compl. at 2.)  As a result, Plaintiff has incurred millions of dollars in general and emotional distress damages. (Compl. at 3.)

## II.     LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).  A "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted).

Federal district courts have jurisdiction over actions that present a federal question or those based on diversity jurisdiction.  *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 & n.2 (9th Cir. 2002).  District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.  Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that the basis for federal jurisdiction must appear on the face of the properly pleaded complaint, either because the complaint directly raises an issue of federal law or because the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).  District courts also have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

## III.     DISCUSSION

### A.     Federal Question Jurisdiction

Plaintiff does not provide a basis for federal question jurisdiction. Indeed, all of the claims alleged are state law causes of action and pertain to an unlawful detainer case that he lost in state

court in 2015. (Compl. at 1-2.) The complaint, therefore, fails to present a federal question or a substantial question of federal law.

**B.  Diversity Jurisdiction**

When federal subject-matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). Here, both Plaintiff and Defendant are citizens of California, so there is no diversity jurisdiction.

## IV.  CONCLUSION

For the reasons set forth above, the Court REASSIGNS this action to a district judge with the recommendation that the action be dismissed without prejudice. The Court GRANTS Defendant's request to proceed *in forma pauperis*.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: June 11, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge